38 F.Supp.2d 280 (1999)
STALEY/ROBESON, INC., Plaintiff,
v.
STALEY/ROBESON/RYAN/ST. LAWRENCE, INC., Defendant.
No. 97 Civ. 7279(CM).
United States District Court, S.D. New York.
March 2, 1999.
*281 Richard L. Gold, Morelli & Gold, LLP, New York City, for plaintiff.
Robert A. Weisbein, Darby & Darby, P.C., New York City, Robert Chambers, Theodore R. Remaklus, Wood, Herron & Evans, L.L.P., Cincinnati, OH, for defendant.

MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER
McMAHON, District Judge.
Defendant in this passing off/unfair competition action, brought under the Lanham Act, 15 U.S.C. § 1125(a), and state common law, has moved to dismiss on the ground of res judicata. The plaintiff and defendant corporations (a New York and an Ohio corporation, respectively) were once affiliated. In the 1980s, they became separate entities, with both continuing to engage in the business of fund raising for not-for-profit clients. In 1985, the principal of plaintiff, Harry Staley, executed a document in which he agreed to allow his name to be used "as part of the corporate name of Staley/Robeson/Ryan/St. Lawrence, Inc., an Ohio Corporation." A few years later, when the two enterprises finally separated, Mr. Staley and defendant's principal, Patrick Ryan, sent a letter to the American Association of Fund-Raising Counsel, advising the trade organization that the corporations were splitting apart and noting that the New York firm would continue under the name Staley/Robeson, while the Ohio firm would continue as Staley/Robeson/Ryan/St. Lawrence, Inc.
Shortly thereafter, Mr. Staley rethought his position and brought suit in this Court to enjoin the use of his name by the Ohio corporation. Judge Goettel granted the Ohio corporation's motion for summary judgment dismissing the complaint. He held that the execution of the consent by Mr. Staley and the Staley/Ryan letter to AAFRC barred him and Staley/Robeson, "at least for a period of time," from objecting to the Ohio corporation's "use of its name for the corporation." (Memorandum Decision of Goettel, J., attached as Ex. A to the Complaint, at 6).
Seven years later, the New York corporation commenced a new federal action. The events that generated this suit all occurred subsequent to the entry of Judge Goettel's 1990 Decision. They include the following: in 1996, defendant allegedly used the names Staley/Robeson and Staley/Robeson, Inc., rather than its full corporate name, to designate itself in various business directories, in the 1996 AAFRC directory, and in promotional and advertising materials; defendant allegedly misrepresented in its promotional materials that certain clients of the New York corporation were clients of the Ohio corporation; defendant allegedly misrepresented that employees of plaintiff were associated with defendant; and defendant allegedly circulated the false report that Harry Staley was either dead or retired. (Complaint, Paragraphs 19-22). Based on these alleged activities by defendant, plaintiff contended that the Ohio corporation had engaged in unfair competition in violation of Section 43(a) of the Lanham Act and New York common law (First and Third Causes of Action); had diluted the value of the New York corporation's name in violation *282 of 15 U.S.C. § 1125(c) and Section 368-d of New York's General Business Law (Second Cause of Action); committed false advertising and deceptive acts and practices in violation of New York's General Business Law §§ 349 and 350 (Fourth Cause of Action); and breached a contract between the two corporations (Fifth Cause of Action).
Defendant has moved to dismiss the complaint, contending that Judge Goettel's 1990 Decision precludes plaintiff from pursuing these claims. The motion is denied. The 1990 Decision is crystal clear: Judge Goettel decided nothing more than that the Ohio corporation could call itself by the name Staley/Robeson/Ryan/St. Lawrence. Moreover, he did not even purport to resolve that issue for all time: he explicitly noted that Mr. Staley's actions manifested consent to the use of the words "Staley/Robeson" "at least for a period of time." (Memorandum Decision at 6). The actions complained of by the New York plaintiff took place long after Judge Goettel reached his very limited decision, and nothing he said authorized the Ohio corporation to use deceptive practices or to engender confusion between the two enterprises. There is no basis, therefore, to dismiss the Complaint on former adjudication grounds, whether those grounds be denominated res judicata or collateral estoppel. Judge Goettel neither decided any issues concerning defendant's conduct in the mid-1990s nor addressed whether any deceptive conduct by the defendant impacted on the "period of time" during which it could use plaintiff's name. All those matters are properly raised in this action.
A scheduling order is attached to this opinion; the parties are directed to adhere to the deadlines set forth therein.